*Decision will be entered under Rule 50.*

WILMORE STEAMSHIP CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104508. Promulgated September 26, 1941.

*J. T. Haslam, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $12,211.56 in income tax for 1931. The issues for decision are (1) whether a gain of $64,798.81 from an involuntary conversion is not recognized because the money was expended in the acquisition of similar property within the meaning of section 112 (f) of the Revenue Act of 1928, and (2) whether similar gains of 1929 and 1930 are a part of gross income in computing net losses to offset 1931 income. The Board adopts as its findings of fact the facts as stipulated by the parties.

The petitioner, a corporation, filed its return for 1931 with the collector for the second district of New York. A steamship owned by the petitioner was sunk in September 1917 by a German submarine. The petitioner collected insurance in that year in the amount of $1,750,000, which exceeded the depreciated cost of the vessel by $377,-241.06. The petitioner reported the latter amount as income for 1917.

The record does not show and the petitioner does not contend that any part of the $1,750,000 was ever invested in a new vessel.

The petitioner filed a claim against Germany for the destruction of the vessel and the Mixed Claims Commission made an award to the petitioner in 1926. This award, with interest, but less certain fees and commissions, was paid to the petitioner. The petitioner reported the interest as income when received. The principal award was received by the petitioner as follows:

| Year | Amount |
| --- | --- |
| 1928 | $312, 157. 60 |
| 1929 | 126, 545. 55 |
| 1930 | 73, 443. 07 |
| 1931 | 64, 978. 81 |
| Total | 577, 125. 03 |

The petitioner, in anticipation of the receipt of the award, contracted in 1928 for the construction of two new vessels similar in use to the sunken vessel. The new ships were completed in 1929 and cost over $1,500,000. The petitioner paid the purchase price in 1928 and 1929, using the award payments, other funds of its own, and some borrowed money. All of the total amount received on the award, except $3,195.62 received in 1930, was promptly expended either in direct payment of the purchase price or in discharge of the loans used to pay the purchase price of the two new vessels.

The petitioner did not report any part of the $64,978.81 as income for 1931. It had net losses for 1929 and 1930, within the meaning of section 117, in the amounts of $3,312.93 and $36,232.86, excluding the 1929 and 1930 award payments from gross income. It claims the right to deduct those losses from 1931 income. The Commissioner included the $64,978.81 in income for 1931 and did not allow deductions for the losses.

The petitioner never reported any of the principal award payments as income, claiming always that the gain was not recognized under section 112 (f). The Commissioner has sought to tax it in each year. This is the third time that the petitioner has appealed to the Board in regard to these four payments.

The first petition related solely to the year 1928. The Commissioner held that the cost of the sunken vessel had been recovered through insurance and all of the further recovery, consisting of the entire award and interest through 1928, was accrued income. The Board agreed that the gain was the excess of all amounts received by way of insurance and award over the cost of the single piece of property on account of the destruction of which the amounts were received. It held that, since the gain was merely that upon one piece of property destroyed at one time, that gain was recognized to the

extent that "the money", all of the money including insurance and award, was not expended in the acquisition of any replacing vessel. See sec. 112 (f), particularly the last sentence;[1] *Wilmore Steamship Co.*, 30 B. T. A. 866. The Circuit Court of Appeals for the Second Circuit reversed, 78 Fed. (2d) 667, and held that the award was an entirely separate conversion from the recovery of the insurance and, since all of the "profit" received in 1928 was forthwith expended in the acquisition of new vessels, it was not recognized under section 112 (f) and could not be included in gross income. The Government did not seek a writ of certiorari.

The years 1929 and 1930 next came before the Board, Docket No. 68696. The respondent there contended that the award money was not identified as having been expended for the new vessels, since some of it was used to retire indebtedness. The Board held that the tracing of the funds through the loans was sufficient and the payments of award thus traced were not a part of gross income, following the Circuit Court decision for 1928.

The respondent merely reargues in this proceeding the points decided adversely to his contentions in the two prior proceedings. The first issue is decided for the petitioner upon authority of the two prior decisions. See also *Paul Haberland*, 25 B. T. A. 1370. Cf. *Frischkorn Development Co.*, 30 B. T. A. 8; affd., 88 Fed. (2d) 1009, where the payments were not adequately traced.

The Commissioner contends on the second issue that the unrecognized gain of 1929 and 1930 must, nevertheless, be included in gross income for the purpose of determining whether or not the petitioner sustained net losses within the meaning of section 117. The Board has heretofore held that the 1929 and 1930 gains were not a part of gross income as defined in section 22 because of the nonrecognition provisions of section 112, which are specifically referred to in section 22. Section 117 provides that certain deductions and items of income, including tax-free interest, shall not be excluded in computing a net loss to be deducted in a later year. There is no provision that unrecognized gain is to be included in income for this purpose. *Expressio unius est exclusio alterius. H. O. Wood, Jr.*, 33 B. T. A. 806, 814;

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

(f) *Involuntary conversions.*—If property (as a result of its destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation, or the threat or imminence thereof) is compulsorily or involuntarily converted into property similar or related in service or use to the property so converted, or into money which is forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, expended in the acquisition of other property similar or related in service or use to the property so converted, or in the acquisition of control of a corporation owning such other property, or in the establishment of a replacement fund, no gain or loss shall be recognized. If any part of the money is not so expended, the gain, if, any, shall be recognized, but in an amount not in excess of the money which is not so expended.

*United States* v. *Barnes*, 222 U. S. 513; *Founders General Corporation* v. *Hoey*, 300 U. S. 268. Thus the contention of the Commissioner is not supported by the statute. The legislative history of the net loss provisions does not support the contention. See H. R. 179, 68th Cong., 1st sess. The plain words of the statute must be followed and the contention of the Commissioner denied. Cf. *Crooks* v. *Harrelson*, 282 U. S. 55; *Armstrong Co.* v. *Nu-Enamel Corporation*, 305 U. S. 315; *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330. See also Regulations 77, art. 41 (b). Cases dealing with earnings and profits available for dividends, such as *F. J. Young Corporation*, 35 B. T. A. 860; affd., 103 Fed. (2d) 137, are distinguishable because of the difference in the wording of the applicable statutory provisions.

Reviewed by the Board.

*Decision will be entered under Rule 50.*